# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 3038 | **DATE** | 9/15/2010 |
| **CASE TITLE** | Fox Valley Construction vs. G.M. Randa, Inc. | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, Plaintiff's oral motion for entry of an order of default is respectfully denied without prejudice. Withdrawing counsel for Defendant is again directed to serve a copy of the Court's July 29 minute order [36] – as well as a copy of this minute order – on Defendant by registered mail and file a document confirming compliance with the Court's order. Counsel for Plaintiff is requested to do the same. Defendant is cautioned that failure to obtain counsel may result in the entry of an order of default and ultimately a default judgment against Defendant. In the event that Defendant received timely notice of the July 29 order and the absence of confirmation on the docket sheet was simply an oversight by withdrawing counsel, Plaintiff may file a renewed motion for entry of an order of default. In the event that Defendant did not receive timely notice of the July 29 order (or it is unclear whether such notice was received), the deadline for obtaining substitute counsel will be extended to and including October 22, 2010. Please see below for further details.

■ [ For further details see text below.]   Docketing to mail notices.

## STATEMENT

On July 21, 2010, counsel for Defendant G.M. Randa, Inc. filed a motion for leave to withdraw as attorney [33]. In that motion, counsel represented that Defendant's lack of communication and cooperation over an extended period of time rendered it impossible for counsel to represent Defendant in this litigation. On July 29, 2010, the Court granted counsel's motion for leave to withdraw, contingent upon counsel's serving a copy of the Court's minute order [36] on Defendant by registered mail and filing a document confirming compliance with the Court's order and set the matter for further status on September 14. In the minute order, the Court advised Defendant that if it wishes to litigate this matter, it must retain substitute counsel and gave Defendant until August 31, 2010, to do so if it wishes to further litigate this matter. The Court also noted that if Defendant did not retain substitute counsel by that date, the Court would assume that Defendant no longer wishes to litigate this matter and Plaintiffs will be free to seek appropriate relief. Finally, the Court cited a number of cases holding that the failure to retain substitute counsel could (and often does) lead to the entry of default judgment against Defendant.

As of the September 14 status date, Defendant had not retained substitute counsel, prompting Plaintiff to make an oral motion for entry of default, which the Court took under advisement. However, the Court's review of the docket sheet reveals that withdrawing counsel has not placed on the docket sheet any document confirming that Defendant was even served with the Court's July 29 minute order setting forth the instructions and advising of the consequences for non-compliance. Accordingly, the Court must deny the oral motion for entry of default without prejudice. To ensure that Defendant (1) has notice of the Court's ruling on the motion for leave to withdraw, (2) understands its obligation to obtain substitute counsel, and (3) is apprised of the consequences of failing to obtain new counsel, the Court directs withdrawing counsel to serve a copy of the Court's July 29 minute

| STATEMENT |
|---|

order [36] and this minute order on Defendant by registered mail and file a document confirming compliance with the Court's order. In addition, the Court requests that counsel for Defendant also serve a copy of both today's minute order and the July 29 minute order on Defendant by registered mail at Defendant's last known address (available on the notice of motion [34]) and to file a document confirming compliance with that request.

Finally, Defendant is cautioned that failure to obtain substitute counsel may lead to the entry of an order of default and ultimately to entry of a default judgment against Defendant. See, *e.g.*, *Fidelity Nat'l Title Ins. Co. v. Intercounty Nat'l Title Ins. Co.*, 310 F.3d 537, 541 (7th Cir. 2002) (noting that withdrawal of counsel most likely "would leave [corporate entities] unrepresented, leading to default judgments against the three corporations (which can appear *only* by counsel)") (emphasis in original); *Scandia Down*, 772 F.2d at 1427 (noting that the "upshot" of a corporate defendant's failure to retain substitute counsel ordinarily is "entry of a default judgment for [the plaintiff], unless the district court was required to give [the defendant] more time to obtain counsel"); see also *Memon v. Allied Domecq QSR*, 385 F.3d 871, 874-75 (9th Cir. 2004) (observing that "[i]n virtually every case in which a district court dismissed the claims (or struck the pleadings) of a corporation that appeared without counsel, the court expressly warned the corporation that it must retain counsel or formally ordered it to do so before dismissing the case"). In the event that Defendant received timely notice of the July 29 order and the absence of confirmation on the docket sheet was simply an oversight by withdrawing counsel, Plaintiff may file a renewed motion for entry of an order of default. In the event that Defendant did not receive timely notice of the July 29 order (or it is unclear whether such notice was received), the deadline for obtaining substitute counsel will be extended to and including October 22, 2010.